IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ABIGAIL MARTINEZ, | § § § | |
| *Plaintiff,* | § § | SA-23-CV-01401-ESC |
| vs. | § § | |
| MARTIN J. O'MALLEY, COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION; | § § § § § | |
| *Defendant.* | § § | |

## ORDER OF REMAND

This order concerns the Commissioner's Opposed Motion for Entry of Judgment with Remand [#15]. Plaintiff Abigail Martinez filed this case seeking review of the administrative denial of her application for disability insurance benefits ("DIB") under Title II and supplemental security income ("SSI") under Title XVI. 42 U.S.C. §§ 405(g), 1383(c)(3). Martinez filed an opening brief, arguing that the Administrative Law Judge ("ALJ") erred in failing to properly evaluate the opinion evidence in the record and failing to take into consideration the "total limiting effects" of her impairments in assessing her residual functional capacity ("RFC"). In response, the Commissioner filed an opposed motion for remand, asking the Court to remand this case pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings. Martinez agrees this case should be remanded but not for further proceedings; Martinez asks the Court to remand and order payment of benefits.

The Court held a hearing on the Commissioner's motion on September 18, 2024, at which counsel for Martinez and the Commissioner appeared via videoconference. After considering Martinez's Opening Brief [#12], the Commissioner's Motion to Remand [#15],

1

Martinez's Response [#16], the transcript ("Tr.") of the Social Security Administration ("SSA") proceedings [#8], the applicable case authority and relevant statutory and regulatory provisions, the parties' oral arguments at the Court's hearing, and the entire record in this matter, the Court concludes that this case should be reversed and remanded with an order that judgment be rendered in Martinez's favor for an award of benefits rather than with an order for further administrative proceedings.

## I.  Jurisdiction

This Court has jurisdiction to review a decision of the SSA pursuant to 42 U.S.C. § 405(g).  The undersigned has authority to enter this order pursuant to 28 U.S.C. § 636(c) because all parties have consented to the jurisdiction of a United States Magistrate Judge [#9].

## II.  Legal Standards

In determining if a claimant is disabled, the Commissioner of the SAA uses a sequential, five-step approach, which considers whether: (1) the claimant is currently engaged in substantial gainful activity, (2) he has a severe impairment, (3) the impairment meets the severity of an impairment enumerated in the relevant regulations, (4) it prevents the claimant from performing past relevant work, and (5) it prevents him from doing any relevant work.  *Garcia v. Berryhill*, 880 F.3d 700, 704 (5th Cir. 2018).  If the claimant gets past the first four stages, then the burden shifts to the Commissioner on the fifth step to prove the claimant's employability.  *Id.*  A finding that a claimant is not disabled at any point in the five-step review is conclusive and terminates the analysis. *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987); *see also* 20 C.F.R. § 404.1520(a)(4).

In reviewing the denial of benefits, the Court is limited to a determination of whether the Commissioner, through the ALJ's decision,[1] applied the proper legal standards and whether the Commissioner's decision is supported by substantial evidence. *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995); 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence is more than a scintilla, less than preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Villa v. Sullivan*, 895 F.2d 1019, 1021–22 (5th Cir. 1990) (quoting *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)). The Court may not reweigh the evidence or substitute its judgment for that of the Commissioner. *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000). Conflicts in the evidence and credibility assessments are for the Commissioner, not the Court, to resolve. *Id.* While substantial deference is afforded the Commissioner's factual findings, the Commissioner's legal conclusions, and claims of procedural error, are reviewed *de novo*. *See Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994).

Typically, erroneous decisions are remanded for further consideration, and reversals, with an award of benefits, are the exception. However, the courts have power to enter a judgment reversing the decision of the Commissioner without remand for further proceedings if the record enables the Court to conclusively determine that the claimant is entitled to benefits. *Ferguson v. Heckler*, 750 F.2d 503, 505 (5th Cir. 1985); *see also Haynes v. Colvin*, No. 6:12-cv-00330-WSS, 2015 WL 3964783, at *3 (W.D. Tex. June 29, 2015) ("[A] judicial award of benefits is proper only where the proof of disability is overwhelming, or where the proof of disability is strong and the evidence to the contrary is lacking.") (internal citation and quotation omitted). In evaluating

---

[1] In this case, because the Appeals Council declined to review the ALJ's decision, the decision of the ALJ constitutes the final decision of the Commissioner, and the ALJ's factual findings and legal conclusions are imputed to the Commissioner. *See Higginbotham v. Barnhart*, 405 F.3d 332, 336 (5th Cir. 2005); *Harris v. Apfel*, 209 F.3d 413, 414 (5th Cir. 2000).

whether to reverse and render judgment rather than remand for further proceedings, this Court also considers "the length of time a claim has been pending; the completeness of the record; the strength of the evidence showing the applicant is disabled; and any failure to follow instructions or mandates of a court following appeal." *McCullough v. Comm'r of Soc. Sec. Admin.*, No. 1:18-CV-71-DAS, 2019 WL 959596, at *9 (N.D. Miss. Feb. 27, 2019) (citing *Randall v. Sullivan*, 956 F.2d 105, 109 (5th Cir. 1992)).

### III.  Factual and Procedural Background

Plaintiff Abigal Martinez first filed for DIB and SSI almost ten years ago in late 2015, alleging disability beginning May 15, 2011, based on rectal prolapse and irritable bowel syndrome ("IBS").  (Tr. 385–87, 418.)  An Adult Function Report completed with her original applications for benefits states that Martinez had an unsuccessful rectal prolapse repair surgery on September 28, 2015, and suffers from rectal bleeding and complete lack of control of bowel movements, which requires her to spend hours in the bathroom every day.  (Tr. 467–68.)  At the time she filed her applications, Martinez was 51 years old, an individual considered to be "closely approaching advanced age" under governing Social Security regulations, but she changed age categories during the pendency of her applications to an individual of "advanced age" when she turned 55 years old, 20 C.F.R. § 404.1563.  (Tr. 385.)  Martinez has a high school education and past relevant work as an administrative clerk.  (Tr. 419–20.)

The Commissioner denied Martinez's applications for benefits in February 2016, and again upon reconsideration in May 2016, due to the opinion of the State Agency Medical Consultants that Martinez's condition was resolving and expected to improve to a non-severe level.  (Tr. 118–49.)  Martinez requested a hearing before an ALJ and appeared before ALJ Jonathan Blucher on May 30, 2017.  (Tr. 30–73.)  At the ALJ's hearing, Martinez testified that

she wears adult diapers 24 hours per day and has no sensation of when she is going to have a bowel movement. (Tr. 46.) A vocational expert testified at the hearing that if an individual needed frequent lengthy unscheduled breaks during the workday, the individual would be unemployable. (Tr. 68.)

There were two medical opinions on Martinez's rectal prolapse for ALJ Blucher to consider in rendering his opinion: (1) a Medical Source Statement from Martinez's gastroenterologist and surgeon, Dr. Ernest D. Graves, from February 23, 2016; and (2) a consultative examination report by non-treating physician Yu-Jie Kuo, M.D., from June 20, 2017. (Tr. 598–600, 695–702.) Dr. Graves did not conduct a post-surgical physical examination of the colon but opined that the surgery he performed did not result in improved bowel control; that Martinez still suffers from complete fecal incontinence ("has no control of her bowel function"); and Martinez would be off task at work 100 percent of the time due to her condition. (Tr. 598–600.) Dr. Kuo conducted a physical evaluation of Martinez but also did not perform a physical examination of the colon. However, he nonetheless concluded that Martinez's "functional capacity is limited due to chronic fecal incontinence and right inguinal hernia" and described her condition as requiring bathroom visits about 20 times per day for ten to 30 minutes. (Tr. 695.)

ALJ Blucher issued an unfavorable decision on January 3, 2018. (Tr. 153–60.) In his written opinion, ALJ Blucher found that Martinez has the severe impairments of IBS, rectal prolapse, and an inguinal hernia but that she retains the RFC to perform light work with additional non-exertional limitations, including the ability to "leave the workstation." (Tr. 155–59.) At step four, the ALJ found that Martinez can perform her past relevant work as an administrative assistant and accounting clerk and is therefore not disabled. (Tr. 159–60.)

Martinez sought review from the Appeals Council, and on September 20, 2018, the Appeals Council vacated ALJ Blucher's decision, finding that he erred in evaluating the functional limitations stemming from Martinez's rectal prolapse and IBS in several respects. (Tr. 166–67.) The Appeals Council noted that the RFC suggested Martinez would be able to leave her workstation but was not specific as to the number of times per day Martinez would be permitted to do so and for how long. (Tr. 166.) The Appeals Council also found that the ALJ failed to assign weight to the opinion of Dr. Kuo, who opined that Martinez had limitations inconsistent with the ability to engage in competitive full-time work. (*Id.*) Upon remand, the Appeals Council directed the ALJ to further consider the severity of Martinez's IBS and rectal prolapse, further evaluate Dr. Kuo's opinion, and clearly assess any corresponding functional limitations. (Tr. 167.)

Martinez appeared before ALJ Blucher for two additional hearings on April 3 and October 30, 2019, at which Martinez amended the alleged disability onset date to September 28, 2015, the date of her unsuccessful rectal prolapse surgery. (Tr. 74–96, 97–117.) At the hearing, Martinez reiterated the severity of her fecal incontinence, testifying that she uses the bathroom approximately 20 times per day; has no sensation that it is time to defecate other than warmth after an accident; soils up to a package and a half of adult diapers daily; and takes multiple showers per day to address fecal leakage. (Tr. 107–08.) Martinez also testified that she lost the use of her middle finger in her left hand due to complications from a fracture and that her three finger surgeries had been unsuccessful. (Tr. 81, 105.) A vocational expert again testified that an employee who must leave a workstation between 10 to 20 times per day to go to the bathroom to change undergarments would eventually be terminated for lack of productivity. (Tr. 113.)

6

ALJ Blucher again issued a second unfavorable decision on February 26, 2020. (Tr. 15–23.) In this decision, he again concluded that Martinez suffers from the severe impairments of IBS, rectal prolapse, and hernia, but added the additional impairment of left middle finger fracture. (Tr. 18.) The ALJ again found that despite these impairments Martinez could perform light work with some non-exertional limitations. (Tr. 18–22.) However, the revised RFC did not include any reference to the need to leave the workstation, as the ALJ found upon review of the medical evidence "a limitation regarding bathroom breaks [was] not warranted." (*Id.*) In discussing Martinez's RFC, the ALJ did consider the examination by Dr. Kuo, but he found that Dr. Kuo's examination did not provide any clarity as to Martinez's condition because his opinions were based solely on Martinez's self-reported complaints and therefore afforded the opinion no weight. (Tr. 20, 22.) The ALJ also chose not to credit Dr. Graves's medical source statement because Dr. Graves did not adequately explain his conclusion that the surgery was unsuccessful. (Tr. 21–22.) ALJ Blucher again found Martinez could perform her past relevant work as an administrative clerk/accounting clerk and was therefore not disabled. (Tr. 22.)

The Appeals Council denied Martinez's request for review, and Martinez filed a civil action in this Court, again arguing ALJ Blucher erred in determining her RFC. *See Martinez v. Kijakazi*, 5:21-CV-00301-RBF. The District Court agreed with Martinez, finding that the ALJ failed to develop the record, erroneously substituted his lay opinion for the medical opinions of record, discredited consistent assessments finding severe and chronic fecal incontinence, and improperly relied on "obscure boxes on various medical forms" to reject Martinez's claims of fecal incontinence and her need for additional bathroom breaks. (Tr. 1153–63.) For example, ALJ Blucher made unsupported inferences from the evidence when he faulted Martinez for not reporting "genitourinary" issues (issues pertaining to genital and urinary organs) in 2016 and

failed to report fecal incontinence when seeing doctors for an evaluation of her finger. (Tr. 1159–50.) In ordering a reversal and remand for further proceedings, the District Court expressly directed the Commissioner to "fully and fairly develop the record regarding the functional limitations imposed by Martinez's rectal prolapse and right inguinal hernia— including specifically whether and to what extent this impairment requires additional bathroom breaks." (Tr. 1163.) The District Court also ordered the ALJ to recontact Dr. Graves, Martinez's gastroenterologist and surgeon, and/or Dr. Kuo, to obtain a second consultative examination, if necessary, and to hold another hearing if appropriate and obtain new vocational expert testimony. (*Id.*)

The Appeals Council thereafter remanded for further proceedings consistent with the District Court's order. (Tr. 1167.) The remand hearing was held on March 23, 2023, before a new ALJ—Melinda W. Kirkpatrick. (Tr. 1095–1139.) At this hearing, Martinez again testified that she wears diapers and soils them to the point of leakage at least once per day; uses at least one package of diapers per day; and the smell caused by her fecal leakage is a significant issue and barrier to employment. (Tr. 1117–20.) After the hearing, Dr. William Culver, a consultative examiner, conducted a disability examination of Martinez on April 27, 2023, and issued a medical source statement consistent with the findings of Dr. Graves and Dr. Kuo. (Tr. 1430–41.) Dr. Culver diagnosed Martinez with IBS and rectal prolapse and stated that she suffers from "constant bowel/fecal leakage" and, as a result, has "difficulty being in public" and "working with outside employment." (Tr. 1435, 1440.) The ALJ did not recontact Dr. Graves or Dr. Kuo for additional opinions or clarification of Martinez's status post-surgery. (Tr. 1080.)

ALJ Kirkpatrick denied Martinez's claims on July 28, 2023. (Tr. 1074–85.) ALJ Kirkpatrick found Martinez last met the insured status requirements of the SSA through

8

December 31, 2016, and has not engaged in substantial gainful activity since September 28, 2015, the amended alleged disability onset date. (Tr. 1077.)  At step two, she found Martinez to have the following severe impairments:  cervical spine degenerative disc disease with foraminal stenosis, osteophytes, arthrosis, and radiculopathy; IBS; diverticulosis; rectal prolapse status/post repair; right inguinal hernia status/post repair; left middle finger fracture with osteoarthritis status/post open reduction with internal fixation surgery. (*Id.*)  At step three, she concluded Martinez does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments to be considered presumptively disabled. (Tr. 1077–78.)

Before step four, the ALJ concluded Martinez has the RFC to perform light work with several non-exertional limitations but did not impose any functional limitation related to bathroom breaks. (Tr. 1078–84.)  The ALJ concluded that the medical evidence did not support the claimed severity of Martinez's fecal incontinence issues, primarily because Martinez did not complain about fecal incontinence at various doctor's appointments from 2016 to 2020. (Tr. 1079–80.)  The examples provided by the ALJ of such visits included emergency room visits for treatment related to stepping on a nail, getting stung by an insect, abdominal pain, and a buttocks rash, as well as doctor's visits for treatment related to a cough, a finger fracture, viral bronchitis, and neck pain. (Tr. 1080.)  The ALJ also discredited the evaluations of Dr. Kuo and Dr. Culver as to Martinez's fecal incontinence, finding that they reflected normal physical examination findings and were based entirely on Martinez's subjective complaints. (Tr. 1080–81.)  The ALJ opined that because Martinez's claimed need to use the restroom 20 times a day is not reflected in the objective evidence, Martinez did not have any issue sustaining full-time work activity. (Tr. 1082.)  Based on this RFC, ALJ Kirkpatrick concluded, like ALJ Blucher, that Martinez is

capable of performing her past relevant work as an administrative clerk and not disabled. (Tr. 1084.) The Appeals Council denied Martinez's request for review, and Martinez filed this case on November 7, 2023.

## **IV.  Analysis**

The parties agree that ALJ Kirkpatrick's decision denying benefits should be vacated and remanded to the Commissioner due to error. The question is whether upon remand the Commissioner should conduct further administrative proceedings or enter judgment in Martinez's favor and award her the benefits she has been seeking for almost ten years. Considering the uncommonly protracted procedural history of this case, the repeated failure of the ALJs to provide a rational basis for the denial of benefits, and the overwhelming consistency among the only medical opinions of record, the Court will order the Commissioner upon remand to award benefits to Martinez.

Martinez's DIB and SSI applications have been pending for almost ten years. Were the Court to remand this case for further administrative proceedings, Martinez would be forced to appear for her fifth administrative hearing before an ALJ on her same request for benefits. Her testimony has remained consistent throughout the pendency of her case: she suffers from severe rectal prolapse; her prolapse repair surgery in September 2015 was unsuccessful; and she has complete fecal incontinence and frequent fecal leakage, requiring excessive visits to the restroom and shower to manage cleanliness, smell, and diaper changes.

The only medical opinions of record regarding the fecal incontinence (the opinions of Dr. Graves, Dr. Kuo, and Dr. Culver) are consistent with one another and support the imposition of functional limitations related to Martinez's need to use the restroom to manage her incontinence. Neither ALJ Blucher nor ALJ Kirkpatrick considered the consistency between these three

opinions as required by 20 C.F.R. § 404.1527(c)(4), and instead discounted each opinion in isolation.  Importantly, Dr. Graves is a board-certified colorectal surgery specialist who performed Martinez's surgery.  There is no indication that ALJ Kirkpatrick ever considered his specialization, as required by 20 C.F.R. § 404.1527(c)(2)(ii), in rejecting his statements about the failure of the surgery to improve Martinez's incontinence.  Nor did ALJ Kirkpatrick explain why she chose not to recontact Dr. Graves or Dr. Kuo to obtain a second consultative examination to explain the basis for their opinions, as ordered by the District Court in its remand order. (Martinez herself testified repeatedly throughout the history of this case that she had not seen Dr. Graves for follow-up appointments due to an inability to pay her outstanding bill for surgery.) (Tr. 87.)

Moreover, ALJ Kirkpatrick patently ignored the District Court's previous order of remand, which specifically faulted ALJ Blucher for relying on the failure of Martinez to complain of fecal incontinence at wholly unrelated medical visits as a basis for impugning her credibility as to the severity of her issues.  ALJ Kirkpatrick committed precisely the same error as ALJ Blucher, drawing unsupported inferences regarding the status of Martinez's fecal incontinence based on medical visits (for insect sting, cough, finger fracture, viral bronchitis, etc.) at which a typical person would be very unlikely to broach fecal leakage with a provider. ALJ Kirkpatrick also misrepresented the emergency room record from the visit in 2020 to address a buttocks/perineal rash, noting that Martinez "denied other problems" besides the rash. (Tr. 1080.)  Yet the emergency room record notes that Martinez reported "chronic" fecal incontinence, requiring the need to wear adult diapers at all times, which sometimes causes contact dermatitis. (Tr. 1343–44.)  It is not clear what "other problems" ALJ Kirkpatrick needed Martinez to report to find this medical record corroborative of her complaints and the three

11

medical opinions of record that Martinez's rectal prolapse has resulted in total fecal incontinence.

Multiple vocational experts have testified consistently throughout the history of this case that an individual who is absent from her desk repeatedly throughout the day for excessive bathroom breaks would be terminated for lack of productivity. Although there is no physical examination in the record of Martinez's rectal prolapse or any testimony of a medical provider observing the severity of her fecal incontinence, there are three medical opinions of record, one from a treating provider, corroborating Martinez's testimony regarding the severity of her condition. There is not a single contradictory medical opinion of record calling into question the credibility of Martinez. All three ALJ opinions in the record reflect flawed analysis with no logical or rational basis for finding Martinez suffers from zero functional limitations from her recognized severe impairments of rectal prolapse, IBS, and hernia. At this juncture, the Court finds it would be "unconscionable" to order further administrative proceedings. *See Randall*, 956 F.2d at 109 (refusing to remand case for further review in light of eight-year procedural history). *See also Jimmerson v. Apfel*, 111 F. Supp. 2d 846, 850–851 (E.D. Tex. 2000) (reversing and awarding benefits because case had been remanded twice already, had been pending for eight years, and the record established without question that he was functionally illiterate and should not have been classified as having a "limited or less" education).

In summary, both ALJ Blucher and ALJ Kirkpatrick failed to "build an accurate and logical bridge between the evidence and the final determination" denying Martinez benefits based on her severe impairments of rectal prolapse and fecal incontinence. *Price v. Astrue*, 401 Fed. App'x 985, 986 (5th Cir. 2010). The Commissioner, by filing for remand, concedes that ALJ Kirkpatrick's stated reasons for denying benefits could not be accepted by a "reasonable

mind" and therefore do not constitute substantial evidence. *Newton*, 209 F.3d at 452. Were this the first reversal of an ALJ opinion in the history of this case, the Court would remand for further proceedings and direct the ALJ to further develop the record by ordering a physical examination to address any concerns about the basis for Dr. Graves's and Dr. Ku's opinions and to correct the identified errors in the ALJ opinions. Yet the Appeals Council and this Court have already entered such orders to no avail. The record in this case establishes that ordering further administrative proceedings would be futile. The Commissioner should not be given yet another opportunity to issue an unsupported opinion and to require Martinez to wait over a decade for a rational administrative decision. The medical opinions of record and the testimony of the vocational experts in this case affirmatively establish that Martinez cannot sustain full-time employment due to the need for excessive bathroom breaks.

## V. Conclusion

Based on the foregoing, the Court will grant the Commissioner's motion to remand but order the Commissioner to render judgment in Martinez's favor.

**IT IS HEREBY ORDERED** that the Commissioner's Opposed Motion for Entry of Judgment with Remand [#15] is **GRANTED IN PART** as follows:

The Commissioner's decision finding that Martinez is not disabled is **VACATED** and this case is **REMANDED** for entry of judgment in her favor and an award of benefits.

SIGNED this 9th day of October, 2024.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE

13